1  Stephen R. Jaffe, Cal. Bar No. 49539
   *stephen.r.jaffe@jaffetriallaw.com*
2  Bailey K. Bifoss, Cal. Bar No. 278392
   *bailey.k.bifoss@jaffetriallaw.com*
3  THE JAFFE LAW FIRM
   150 California Street, 21st Floor
4  San Francisco, California 94111
   Telephone: (415) 618-0100
5  Facsimile:  (415) 618-0080

6  Attorneys for Plaintiffs
   COSTANEIRA TRANSPORT, INC.
7  KR EXPRESS, INC.

8
                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
                         SAN JOSE DIVISION
11

12 | COSTANIERA TRASPORT, INC., a            | Case No.:
   | corporation; KR EXPRESS, INC., a corporation;
13 | HIRAM MENDES, an individual; KIM RANEY,  | **COMPLAINT FOR DAMAGES**
   | an individual
14 |                                          |
   |       Plaintiffs,                        | 1. Breach of Implied Contract
15 |                                          | 2. Wrongful Termination
   |         v.                               | 3. Promissory Estoppel
16 |                                          |
   | FEDEX GROUND PACKAGE SYSTEM, INC.,       |
17 | a Delaware corporation                   | JURY TRIAL DEMANDED
   |                                          |
18 |       Defendant.                         |

19
20
21
22
23
24
25
26
27

1  Plaintiffs hereby complain and allege as follows:

## PARTIES

1. At all times relevant herein, Plaintiff COSTANIERA TRANSPORT, INC. ("Costaniera") is and has been a corporation duly organized under the laws of California and duly qualified to conduct business within the State of California.

2. At all times relevant herein, Plaintiff KR EXPRESS, INC. ("KR Express") is and has been a corporation duly organized under the laws of California and duly qualified to conduct business within the State of California.

3. At all times relevant herein, Plaintiff HIRAM MENDES ("Mendes") is and has been a resident of the State of California and the County of Alameda.

4. At all times relevant herein, Plaintiff KIM RANEY ("Raney") is and has been a resident of the State of California and the County of Santa Clara.

5. Plaintiffs are informed and believe and thereupon allege that Defendant FEDEX GROUND PACKAGE SYSTEM, INC. ("FedEx" or "Defendant") is and has been a corporation duly organized under the laws of Delaware and duly qualified to conduct business within the State of California. Plaintiffs are informed and believe and thereupon allege that Defendant FedEx maintains its business in San Jose, California and maintains records relevant to Plaintiffs' contracts and claims herein alleged at that location.

## JURISDICTION AND VENUE

6. Jurisdiction is proper pursuant to 28 U.S.C. § 1332.

7. Venue is proper in this court because Defendant resides and is domiciled in the County of San Jose, California, and the acts and/or omissions and events set forth in this Complaint occurred in whole or in part in the County of San Jose, California.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8. Plaintiffs hereby incorporate by reference the factual allegations set forth in the preceding paragraphs.

1

9. Plaintiffs were separately contracted by Defendant Federal Express to deliver packages under the moniker FedEx Ground. Plaintiff Costaneira had an annually renewing contract with Defendant for at least ten (10) years. Plaintiff KR Express had an annually renewing contract with Defendant for at least four (4) years.

10. On November 2, 2012, Plaintiff Costaneira received a Contract Non-Renewal Review Notification Letter from Steve Brenner, Senior Manager for FedEx Ground. Brenner notified Plaintiff Costaneira that he had submitted the contract file for Costaneira to be considered for non-renewal. The letter stated that if the decision to not renew the agreement was made, Plaintiff Costaneira would receive a notification of non-renewal no less than 30 days from the contract renewal date.

11. On November 19, 2012, Costaneira received a Non-Renewal of Contract Letter from Brenner. Costaneira was notified that its contract would not be renewed and would terminate effective December 31, 2012.

12. On January 14, 2013, KR Express received a Contract Non-Renewal Review Notification Letter from Brenner, Senior Manager for FedEx Ground. Brenner notified KR Express that he had submitted the contract file for KR Express to be considered for non-renewal. The letter stated that if the decision to not renew the agreement was made, KR Express would receive a notification of non-renewal no less than 30 days from the contract renewal date.

13. On January 30, 2013, KR Express received a Non-Renewal of Contract Letter from Brenner. KR Express was notified that its contract would not be renewed and would terminate effective March 3, 2013.

14. During its employment of Mendes and Raney, Defendant treated Mendes and Raney like employees. Mendes and Raney were required to pay Defendant for goods and services including but not limited to: FedEx uniforms; communications and data processing equipment; equipment washing; Department of Transportation ("D.O.T.") inspections; drug tests meeting D.O.T. requirements. Raney and Mendes also purchased and leased vehicles in accordance with FedEx specifications at significant expense to carry out their obligations under the contract.

FIRST CAUSE OF ACTION

BREACH OF IMPLIED CONTRACT

Plaintiffs Costaniera and KR Express against Defendant

15. Plaintiff hereby incorporates by reference the factual allegation set forth in the preceding paragraphs.

16. During Defendant's contractual agreement with Plaintiffs, an implied additional term arose between the parties, which term provided that Plaintiffs Costaniera's and KR Express's contracts would not be terminated by Federal Express except for good cause. This implied term was evidenced by, *inter alia*, Defendant's yearly renewal of the contract agreements of both Costaneira and KR Express

17. On December 31, 2012, Defendant breached the implied term of contract with Costaneira by failing to renew Costaniera's contract without good cause.

18. On March 3, 2012, Defendant breached the implied term of contract with KR Express by failing to renew KR Express' contract without good cause.

19. WHEREFORE, Plaintiff requests relief as hereinafter provided.

SECOND CAUSE OF ACTION

WRONGFUL TERMINATION

Plaintiffs Mendes and Raney against Defendant

20. Plaintiffs hereby incorporate by reference the factual allegations set forth in the preceding paragraphs.

21. During Defendant's contractual agreement with Plaintiffs, Plaintiffs Mendes and Raney duly performed all of the conditions of the above employment contract. At the time of Plaintiffs' termination, Plaintiffs were ready, willing, and able to perform all of the conditions of the written and implied employment agreement.

22. On December 31, 2012, Defendant wrongfully terminated the employment of Mendes by failing to renew Mendes' contract without good cause.

23. On March 3, 2012, Defendant wrongfully terminated the employment of Raney by failing to renew Raney's contract without good cause.

24. As a direct and proximate result of Defendant's wrongful termination of Plaintiffs' employment, Plaintiffs have suffered and continue to suffer substantial losses in earnings, which Plaintiffs would have received had Defendant not wrongfully terminated Plaintiffs. Plaintiffs seek damages for these injuries, which exceed the jurisdictional limits of this court and will be established according to proof at trial.

25. WHEREFORE, Plaintiff requests relief as hereinafter provided.

<u>THIRD CAUSE OF ACTION</u>

PROMISSORY ESTOPPEL

All Plaintiffs against Defendant

26. Plaintiffs hereby incorporate by reference the factual allegations set forth in the preceding paragraphs.

27. During Defendant's contractual agreement with Plaintiffs, Plaintiffs relied reasonably on the agreement made with Defendant to their detriment. In exchange for providing services to Defendant, Plaintiffs were required to pay Defendant for certain goods and services, including but not limited to: FedEx uniforms, communications and data processing equipment, equipment washing, Department of Transportation ("D.O.T.") inspections, drug tests meeting D.O.T. requirements, and other items and services. Defendants also leased and purchased vehicles in accordance with FedEx specifications at significant expense to carry out their obligations under the contract.

28. As a direct and proximate result of Defendant's wrongful termination of Plaintiffs' employment, Plaintiffs have suffered and continue to suffer substantial losses in earnings, which Plaintiffs would have received had Defendant not led Plaintiffs to reasonably rely on the express and implied promises of Defendant. Plaintiffs seek damages for these injuries, which exceed the jurisdictional limits of this court and will be established according to proof at trial.

WHEREFORE, Plaintiffs pray for judgment as more fully set forth below.

## PRAYER FOR RELIEF

1. For general, special, actual, compensatory, and/or nominal damages as against Defendants and each of them in an amount according to proof and as provided by law;
2. For punitive damages as may be allowed and permitted by law;
3. For statutory attorneys' fees and costs of suit as provided by law;
4. For pre-judgment and post-judgment interest as provided by law;
5. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Dated: August 20, 2014     THE JAFFE LAW FIRM

_____/s/_____
Stephen R. Jaffe (SBN 49539)
Bailey K. Bifoss (SBN 278392)

Attorneys for Plaintiffs